## Commonwealth v. Drucker

*Jacob A. Raub, Jr.,* assistant district attorney, for Commonwealth.

*S. Maxwell Flitter* and *Everett Kent,* for defendant.

LAUB, J., February 5, 1940—This is an appeal from a summary conviction.

At the hearing before the alderman, appellant was adjudged guilty and sentenced to pay a fine of $60 and costs. The complaint before the alderman was sworn to by Irwin L. Wismer, who stated that he is an agent of the Secretary of Agriculture of the Commonwealth of Pennsylvania assigned to the Bureau of Foods and Chemistry and that defendant did sell or expose for sale and have in his possession with intent to sell and sold to complainant a certain article of food, to wit, hamburger, which was then and there adulterated in the following manner, that is to say it contained and had added thereto a certain quantity of pork.

The proceedings are brought under the Act of June 1, 1937, P. L. 1127, which amended the Pure Food Act of May 13, 1909, P. L. 520. An examination of the aforesaid act of assembly and the amendment thereto does not show that the word "hamburger" is defined in any of same.

At the time of the hearing the rules and regulations of the Department of Agriculture were offered in evidence. The trial judge examined such rules and regulations and found no definition of "hamburger" therein. There were definitions of "hamburg" and "hamburg steak" and consequently such rules and regulations were excluded.

The merchandise in question was purchased by complainant, Mr. Wismer, an agent of the Department of Agriculture. It was delivered by him to a food chemist of said department, to wit, Dr. Howard E. Gensler, who testified the meat was in prime condition, the color was as in hamburger, that it was ground meat, and that an analysis of the contents of the package showed it was not hamburger and that it contained a considerable portion of ground pork, and did not contain any decomposed or contaminated meat. The Commonwealth's testimony did not in any way tend to prove that the article purchased contained contaminated or decomposed meat. Mr. Wismer testified that the words "hamburg" and "hamburger" are used interchangeably and that the words mean comminuted beef. However, there is nothing in the aforesaid acts of assembly, or in the rules and regulations of the department, that give us such a definition.

The statute under which this prosecution is brought is a penal statute, because by reference to its provisions it shows that in the event of the fine and costs not being paid defendant shall be sentenced to undergo an imprisonment in the county prison for not more than 30 days. It is a well-known principle of law that penal statutes must be construed strictly and in the absence of any definition of "hamburger" in the food acts or in the rules and regulations of the Department of Agriculture of said Commonwealth we do not think the definition of same should be

permitted to be defined by various so-called food agents or chemists of said Commonwealth.

"The term 'bacon', while most properly limited to cuts from the backsides and belly, does not have a fixed and certain meaning, and a defendant cannot, therefore, in the absence of a statutory definition of the term, be convicted for misbranding in violation of the Pure Food Act of May 13, 1909, P. L. 520, upon proof that he sold a portion of the neck or jowl of the hog which had been given a bacon cure, under a distinctive trade label, including the term bacon, in the absence of proof that the article was sold for the same price as or was represented to be ordinary bacon; and this is particularly so where the label had been approved for use in interstate commerce by Federal authorities under the Act of March 4, 1907, 34 Stat. of L. 1262, which likewise prohibits misbranding": Commonwealth v. Joseph, 30 D. & C. 98.

"1. At least in the absence of a statutory definition or a ruling made under statutory authority, it is not a violation of the Pure Food Act of May 13, 1909, P. L. 520, to sell cured cuts from the jowl of a hog as 'bacon squares'.

"2. Even though the Secretary of Agriculture of Pennsylvania has, pursuant to the power conferred upon him by section 8 of the Act of May 13, 1909, P. L. 520, ruled that bacon is the cured and smoked meat of the breast pieces, sides and belly of the pig, and that the jowl and back do not constitute bacon, a conviction for misbranding cannot rest upon such ruling in the absence of evidence that it was filed in accordance with the provisions of the act or that the defendant had actual notice thereof": Commonwealth v. Priski, 31 D. & C. 592.

There is nothing in the instant case to show that defendant had actual knowledge that the Secretary of Agriculture had restricted the definition of "hamburger" to the definition given by Dr. Gensler, the food chemist who appeared for the Commonwealth. It follows, therefore, that defendant must be found not guilty.

172

When it comes to the question of costs, however, we cannot place them upon the prosecutor, because he is an agent of the Commonwealth of Pennsylvania and, as far as the record discloses, acted in good faith and without malice. Neither do we think the County of Northampton should bear these costs because, although the defendant is not technically guilty, yet he contributed by his own acts to the facts which are before us. Therefore, he should pay the costs.

And now, February 5, 1940, we hereby find defendant not guilty but direct him to pay the costs. The district attorney is directed to produce defendant in open court on February 12, 1940, for the formal sentencing of him to pay the costs.